NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-1077

ALTON JILES O/B/O KAYLA JILES

VERSUS

WILTON ANTHONY, ET AL.

**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 62,507
HONORABLE STEPHEN BRUCE BEASLEY, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and James T. Genovese, Judges.

AFFIRMED.

**Harold Dean Lucius, Jr.**
**Law Office of Kirby D. Kelly**
**515 Spring Street**
**Shreveport, LA 71101**
**(318) 459-1885**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **Alton Jiles**

**Joseph P. Landreneau**
**Gold, Weems, Bruser, Sues & Rundell**
**P. O. Box 6118**
**Alexandria, LA 71307-6118**
**(318) 445-6471**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **GuideOne Mutual Insurance Co.**
    **Wilton Anthony**
    **Siloam Baptist Church**

**EZELL, Judge**

Alton Jiles, on behalf of his daughter, Kayla, appeals the granting of summary judgment in favor of Wilton Anthony, Siloam Baptist Church, and its insurer, GuideOne Mutual Insurance Company (hereinafter collectively referred to as the Church). For the following reasons, we hereby affirm the decision of the trial court.

On February 4, 2009, Alton and Constance Jiles dropped Kayla off at Siloam Baptist Church for Wednesday night youth services. While there, Kayla went to the Church's basketball court to play a game. During the course of the game, another child pushed Kayla. After she pushed him back, the other child pushed her again and Kayla fell to the concrete, severely injuring her hand. The Jileses filed suit against the Church, alleging it was negligent in its supervision of the children. The Church filed a motion for summary judgment which was granted by the trial court, dismissing the Jileses claims. From that decision, the Jileses appeal.

The Jileses assert three assignments of error on appeal. They claim that the trial court erred in granting the summary judgment; that the trial court granted the summary judgment based on an incomplete record; and that the trial court erred in ruling a claim for failure to pay med pay insurance benefits was not properly before it at the hearing on the motion for summary judgment.

> Appellate courts review summary judgments de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Goins v. Wal-Mart Stores, Inc., 01-1136, p. 5 (La.11/28/01), 800 So.2d 783, 788. Summary judgment shall be rendered if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. La.Code Civ. Pro. art. 966(B); Goins, at p. 6, 800 So.2d at 788. The movants . . . have the burden of proof. La.Code Civ. Pro. art. 966(C)(2). However, if the movant will not bear the burden of proof at trial, its burden on the motion does not require it to negate all essential elements of the adverse party's action, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim. La.Code Civ. Pro. art. 966(C)(2). Thereafter, if the adverse party fails to produce factual

> support sufficient to establish they will be able to satisfy their evidentiary burden of proof at trial, there is no genuine issue of material fact. La.Code Civ. Pro. art. 966(C)(2). Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is "material" for summary judgment purposes can be seen only in light of the substantive law applicable to the case.

*Richard v. Hall*, 03-1488, pp. 4-5 (La. 4/23/04), 874 So.2d 131, 137.

We will first address the Jileses' third assignment of error, as it concerns the completeness of the record before this court. The Jileses assert that the record is incomplete because the entire deposition of Alton Jiles was not entered into the record in lieu of an excerpt. The trial transcript indicates that when counsel for the Church attempted to introduce excerpts for all three Jileses family members testifying, counsel for the Jileses asked that entire deposition transcripts be introduced instead. The trial court accepted the full deposition transcripts of Kayla and Constance, which were offered by the Jileses' attorney. Apparently, no one had a full transcript for Alton, and the trial court admitted the evidence presented it. It did not order counsel for the Church to admit the full transcript for Alton as alleged by the Jileses. Moreover, what is in the record indicates that Mr. Jiles was not at the Church at the time of the push and could not have given any relevant evidence concerning the issue in dispute. Moreover, the Jileses do not even assert any benefit that his additional testimony would have provided. We find no merit in this assignment of error.

The Jileses next assert that the trial court erred in granting the Church's motion for summary judgment. We disagree. The Jileses make no allegations that there were any deficiencies in the basketball court itself and admit there was no inherently dangerous activity taking place on the court prior to the push. Instead, they assert that discrepancies of fact concerning the time of Kayla's arrival or whether or not she ate gumbo at the church are material to this dispute. They are not. The sole issue before

2

us is whether additional supervision could have prevented Kayla's injuries. The record before this court indicates it would not have.

The vast majority of Louisiana courts have found no liability on the part of school boards, homeowners, and the like for fights occurring between children where adults could not have prevented the incidents from transpiring. *See Wallmuth v. Rapides Parish Sch. Bd.*, 01-1779, 01-1780 (La. 4/3/02), 813 So.2d 341; *Blacklege v. Font*, 06-1092 (La.App. 1 Cir. 3/23/07), 960 So.2d 99. The evidence in this case shows that the push occurred quickly and spontaneously, such that Kayla's friends in the immediate vicinity were powerless to stop it. Furthermore, there had been no history of prior problems between the children to indicate such an act of aggression should be foreseen. The push, while unfortunate, was the impulsive act of a child and could not have been prevented. The Jileses have offered no proof whatsoever that the presence of adults on the basketball court could have prevented the actions of the boy that injured Kayla. In fact, the Jileses themselves admit that it was unanticipated and so sudden that bystanders were unable to prevent Kayla's fall. Because they did not establish any causal connection between the lack of supervision and the accident, they cannot meet their burden of proof at trial, and the trial court made no error in granting the Church's summary judgment.

Finally, the Jileses' claim that the trial court erred in ruling that a claim for med pay insurance recovery was not plead, but raised collaterally. Again, we disagree. The Jileses' petition states that the Church "maintained a general liability and med pay policy" with its insurer, GuideOne Mutual. Nowhere in that petition or in their amended petition do the Jileses allege any failure to pay med pay benefits. Any claim

3

for failure to pay such benefits was not properly before the trial court at the time of the granting of the summary judgment. This assignment of error is also without merit.[1]

For the above reasons, we hereby affirm the decision of the trial court. Costs of this appeal are hereby assessed against the Jileses.

**AFFIRMED**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rules 2–16.3.

---

[1] Moreover, the trial transcript indicates that the maximum benefits allowed under the policy had already been paid to one of the hospitals providing care to Kayla.